IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SOMODY, INC.,<br><br>                Debtor. | Chapter 7<br><br>Case No. 05-12480-MFW<br>(Jointly Administered)<br><br>Hearing Date:      August 18, 2010 at 2:00 p.m.<br>Objection Deadline: August 12, 2010 by 4:00 p.m. |

**MOTION OF JOHNSON & JOHNSON SALES AND LOGISTICS COMPANY, LLC PURSUANT TO DEL. BANKR. L.R. 3011-1 FOR ENTRY OF AN ORDER DIRECTING PAYMENT OF UNCLAIMED FUNDS**

Johnson & Johnson Sales and Logistics Company, LLC ("**JJSL**"), through its undersigned counsel, hereby files this motion (the "**Withdrawal Motion**"), seeking entry of an order pursuant to Del. Bankr. L.R. 3011-1 directing payment to JJSL of certain unclaimed funds that have been deposited with the Clerk of the United States Bankruptcy Court for the District of Delaware ("**Clerk**"). In support of the Withdrawal Motion, JJSL respectfully states as follows:

### BACKGROUND

1. On or about October 7, 2005, JJSL filed a proper and timely proof of claim ("**Claim**") against the above-captioned debtor ("**Debtor**"). A copy of the Claim is annexed hereto as Exhibit A. The Claim was allowed as a general unsecured claim against the Debtor in the amount filed, $97,858.68, which entitled JJSL to a payment of $42,052.32 from the Debtor's estate. *See Trustee's Final Report and Account of the Administration of the Estate and Final Application for Compensation*, dated May 29, 2009 (Docket No. 149) ("**Trustee's Report**").

2. By motion dated November 5, 2009 (Docket No. 153) (the "**Deposit Motion**"), Montague S. Claybrook, the Chapter 7 Trustee for the Debtor ("**Trustee**"), sought permission to pay certain funds claimed as undeliverable ("**Undeliverable Funds**") to the Clerk.

The Deposit Motion lists JJSL as one of the creditors to whom Undeliverable Funds are owed, in the amount of $42,000.59. The Deposit Motion states that "[t]he Trustee has exhausted every method of locating said creditor and has been unsuccessful in locating a successor to these allowed funds." Deposit Motion, ¶ 4. An order approving the Deposit Motion was entered on December 17, 2009 (Docket No. 158) (the "**Deposit Order**").

## **RELIEF REQUESTED**

3. It is difficult to fathom how the Trustee could possibly have been unable to locate JJSL – an affiliate of a globally-recognized, publicly-traded, Fortune 500 company – after an "exhaustive" search. Nevertheless, and despite the cost to JJSL of reclaiming its share of the Undeliverable Funds, JJSL makes this Withdrawal Motion for entry of an order directing the Clerk to pay $42,000.59 to JJSL.[1]

    4. Del. Bankr. L.R. 3011-1 provides, in pertinent part, that:

> [A]ny motion for the withdrawal of funds paid into the Registry of the Court shall (i) include a copy of the trustee's motion to deposit unclaimed funds into the registry of the Court, (ii) specify the amount to be withdrawn and state the name, address and the last four digits of taxpayer identification number of any entity to which funds are paid, (iii) specify the reason for the motion and proof of the right to payment for the entity to be paid and (iv) include a proposed order stating that the requested funds to be released be made payable to "the claimant, (name of claimant), c/o name of fund finder." In addition, the motion shall be brought by (i) an attorney admitted to practice before the District Court or admitted pro hac vice in this Court for the case at hand, (ii) the claimant or its legal successor, or (iii) the assignee of the claimant or its legal successor.

Del. Bankr. L.R. 3011-1. In satisfaction of these requirements, JJSL states as follows:

- Copies of the Deposit Motion and Deposit Order are annexed hereto as <u>Exhibit B</u>.

- The amount to be withdrawn and delivered to JJSL is $42,000.59, the amount listed on the Deposit Motion as the JJSL's share of the Undeliverable Funds.

---

[1] It is not clear why the amount listed on the Deposit Motion is less than the distribution that was allocated to JJSL on the Trustee's Report, but JJSL will waive the difference.

JJSL's address is 23 Orchard Rd., Skillman, NJ 08558. And the last four digits of JJSL's taxpayer identification number are 7440.

- The reason for the Withdrawal Motion is that JJSL is entitled to the funds requested. As an unsecured creditor of the Debtor with an allowed claim, JJSL is entitled to share *pro rata* with other unsecured creditors of the Debtor. In fact, according to the Deposit Motion, the Trustee attempted to deliver the requested funds to JJSL, but was unsuccessful. Deposit Motion, ¶ 4. JJSL further submits that the Claim, the Deposit Motion and the representations of counsel contained herein constitute ample proof of JJSL's entitlement to the requested funds.

- This Motion is brought by JJSL's bankruptcy counsel, but JJSL has associated local counsel admitted to practice before the United States District Court for the District of Delaware in compliance with Del. Bankr. L.R. 3011-1

WHEREFORE, JJSL respectfully requests that the Court: (a) enter an order, substantially in the form annexed hereto as <u>Exhibit C</u>, directing the Clerk to pay JJSL the sum of $42,000.59; and (b) granting JJSL: such other and further relief as is just and proper.

Dated:  Wilmington, Delaware
        July 30, 2010

Respectfully submitted,

**STEVENS & LEE, P.C.**

/s/ Joseph H. Huston, Jr.

Joseph H. Huston, Jr. (No. 4035)
Maria Aprile Sawczuk (No. 3320)
1105 North Market Street, Suite 700
Wilmington, DE  19801
Telephone:  (302) 425-3310; -3306
Telecopier: (610) 371-7972; -988-0838
E-mail:     jhh/masa@stevenslee.com

- and -

**Patterson Belknap Webb & Tyler LLP**
David W. Dykhouse
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222
dwdykhouse@pbwt.com
bguiney@pbwt.com